## THE JOSHUA W. RHODES.

### (District Court, W. D. New York. May 5, 1919.)

### No. 1127.

1. SHIPPING ⬤═84(3)—DEFECTS IN VESSEL—DUTY OF OWNER.
    Where the owner of a vessel engaged a contractor to make repairs to the scupper pipes, and the contractor was not aware of any danger because of flaxseed on the deck, the duty of furnishing a reasonably safe place of work was on the owner, and, where a workman of the contractor slipped and was injured because of flaxseed which rendered the deck slippery, the owner is liable unless the injury was solely due to the workman's negligence.

2. SHIPPING ⬤═84(5)—DEFECTS IN VESSEL—ASSUMED RISK—WHAT CONSTITUTES.
    Where an employé of a contractor engaged to make repairs on a vessel was not familiar with the danger incident to slipping on particles of flaxseed strewn on the steel deck, *held*, that he did not assume the risk of injury from the presence of such flaxseed.

3. SHIPPING ⬤═84(3)—DEFECTS IN VESSEL—CUSTOMARY METHODS.
    Where the owner of a vessel engaged a contractor to make repairs and the deck was slippery because of the presence of flaxseed, the owner cannot escape liability for injuries received by contractor's employé on the ground that it was not the custom to clean the decks of steamships at that period of the year; it being customary to wait to clean them until they came out of their winter berths.

4. EVIDENCE ⬤═20(1)—JUDICIAL NOTICE—RISK OF INJURY.
    It cannot be held to be a matter of common knowledge that to step on a steel deck strewn with small particles of flaxseed involved the danger of slipping, so that one making repairs on a vessel assumed the risk of injury because he knew that there was flaxseed on the deck.

5. SHIPPING ⬤═84(5)—DEFECTS IN VESSEL—CONTRIBUTORY NEGLIGENCE.
    On libel by an employé of a contractor engaged to make repairs on a vessel who slipped while carrying a heavy tank when he stepped on flaxseed on the deck, *held*, that the employé was not guilty of contributory negligence.

6. DAMAGES ⬤═131(4)—PARENT AND CHILD ⬤═7(1)—PERSONAL INJURY—MEASURE.
    Where the servant of a contractor engaged to make repairs on a vessel slipped by reason of flaxseed on the deck, and sustained a fractured skull which necessitated his removal to a hospital and caused severe headaches for about three months, an award of $1,000 for pain and suffering was fairly compensatory; and, the workman being a minor, his mother was entitled to recover for the loss of time when he was necessarily idle.

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Libel by James Duggan, an infant, by Mary Duggan, his guardian ad litem, against the steamer Joshua W. Rhodes, claimed by the Valley Steamship Company. Decree for libelant.

George H. Kennedy, of Buffalo, N. Y., for libelant.
Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, for claimant.

HAZEL, District Judge. [1, 2] At the time the agreement with the contractor by whom Duggan was employed was entered into, there was an implied agreement that the steamer would be in a reasonably safe condition for workmen to come aboard and make repairs to the scupper pipes. The contractor was not informed of the danger of flaxseed scattered on the deck, and hence was not responsible for its condition at the time of the accident; the duty of furnishing a reasonably safe place in which to work resting upon the steamship alone. In establishing responsibility for the injury, the question to be decided is whether, in leaving scattered flaxseed on her deck, the steamship complied with her duty to libelant to furnish a proper and reasonably safe passway for his use in the performance of his work.

The evidence shows that salvaged flaxseed, at some time previous to the beginning of the work in question, had been taken from the hold (hatches 12 and 13) of the vessel to the deck in bags, and later removed to the dock. Presumably some of the flaxseed became scattered by the wind or leaked through the bags, while some no doubt remained on the deck from the original unloading. When the libelant first began work on the scupper pipes, four or five days before the mishap, the strewn flaxseed was hidden by snow and ice, and, as the weather grew warmer, the melting snow left it exposed at different points on the deck. Even a small quantity of flaxseed lying on a steel deck concededly makes the deck slippery and dangerous; one witness testifying that it would make it as slippery as though covered with ice. As this was known to respondents, they were, of course, required to exercise reasonable care for the protection of persons coming aboard the steamer for lawful purposes. Failure to clean up the deck, knowing there was flaxseed upon it, rendered the steamer liable, I think, for a mishap of the character described, unless it appeared that the injury was due solely to libelant's negligence; that is, unless he knew and appreciated the danger and failed to exercise ordinary care to avoid it.

It was contended that libelant voluntarily assumed the risk of the injury; but, since I think there is insufficient evidence in the case that he was familiar with the danger incident to stepping upon particles of flaxseed strewn on a steel deck, I am disinclined to hold that he assumed any risk in doing so.

[3, 4] It was next contended that decks of steamships at this port are not usually cleaned until they come out of their winter berths, when the crew comes aboard in preparation for navigation, and therefore no duty rested upon her to have a cleaner deck; but any such custom cannot be considered to excuse respondent's failure to exercise ordinary care in providing libelant with a reasonably safe place in which to work, and reasonably safe access thereto, in the absence of

any notice of the slipperiness of a small quantity of flaxseed. Libelant no doubt was required to exercise reasonable care and precaution in walking on the deck so that he would not slip or stumble, and respondents were not required to anticipate his slipping on particles of flaxseed if the danger of doing so was obvious to him; but it cannot be held to have been a matter of common knowledge, as contended, that to step upon a steel deck strewn with small particles of flaxseed involved the danger of slipping. McGill v. Michigan S. S. Co., 144 Fed. 788, 75 C. C. A. 518.

[5, 6] Libelant did not see the patch of flaxseed upon which he slipped until nearly a foot from it, and even though he would not have stepped on it had he sooner perceived it, he cannot be held negligent for not stepping aside more quickly. The flaxseed was strewn on the deck in spots—a grain or two here and there and at "other places an inch or two apart"—so that there is a question in my mind as to whether in the performance of his work he could be expected to have these spots in mind and watch out for them as he approached the forward part of the deck where he received his hurt. He was engaged at the time in carrying a heavy tank, weighing about 75 pounds, on his left shoulder, and it is quite conceivable that he might step upon the flaxseed unintentionally and without contributory fault on his part in doing so. He could not be held to blame for failing to step aside at the precise moment of perceiving it. The facts of the case are different, I think, from those in Woodley v. Metropolitan District Ry. Co., L. R. 2 Ex. D. 384, to which importance is attached by respondents in their brief, wherein it was decided that a plaintiff, notwithstanding a defendant's negligence, cannot recover when he is "aware of the danger, voluntarily encounters it, and fails to take the necessary care in avoiding it," for to hold libelant guilty of contributory negligence it was necessary to show, as heretofore stated, that he knew of the danger, or was informed of it, or that he should have known of it, because of its obviousness, and avoided it. The evidence, however, does not warrant such a finding. The mishap, because of respondent's negligence, occurred without any fault attributable to libelant, who sustained a fractured skull at the base of the skull cap, was later removed to a hospital, and had severe recurrent headaches for about three months, in consequence of the accident. After going back to work, he had to lay off several times because of headaches and dizziness when working at any height, which he at times was required to do. I think an award of $1,000 for his pain and suffering and discomfort would be fairly compensatory. His mother is entitled to recover for loss of his services, doctor bills, etc., and the parties have stipulated that any such damage may be ascertained and allowed in this action. As to this it appears satisfactorily that libelant earned about $2.70 per day, that he lost approximately 101 days of work, incurred doctor bills, expenses for hospital and nurse, amounting in the aggregate to $537.20.

Decrees for these respective amounts may be entered, with one bill of costs.